UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMERA JEAN PEACE, as** | } | |
| **Administrator of the Estate of** | } | |
| **Donald Ray Peace,** | } | |
| | } | |
| Plaintiff, | } | Case No.: 4:18-cv-00041-ACA |
| | } | |
| v. | } | |
| | } | |
| **KEITH ROCK, et al.,** | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff Tamara Jean Peace's motion for default judgment against Defendant Berkeley Scrap Metal.[1] (Doc. 36). For the reasons explained below, the court **DENIES** the motion **WITHOUT PREJUDICE** to refiling at a later date.

### I.    FACTS AND PROCEDURAL BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, for purposes of this motion for

---

[1] Some of the pleadings in this case spell Defendant's name as "Berkley" and some spell it as "Berkeley." The court will use the spelling from Ms. Peace's amended complaint. (*See* Doc. 1-8 at 99–114).

default judgment, the court takes as true the well-pleaded allegations of Ms. Peace's amended complaint.

On May 23, 2017, while traveling in St. Clair County, Alabama, Donald Ray Peace and Defendant Keith Rock were involved in a car accident that resulted in Mr. Peace's death. (Doc. 1-8 at 104). Defendants RDW Transport, LLC, Rock Trans, LLC, "and/or" Berkeley Scrap Metal owned "the tractor and/or trailer" that Mr. Rock was driving, and Mr. Rock was "acting within the line and scope of his employment and/or agency for Defendants RDW, Rock Trans and/or Berkeley Scrap Metal." (*Id.* at 105 ¶¶ 11–13).

Ms. Peace filed this lawsuit against Defendants, asserting state law claims for negligence; wanton and reckless conduct; negligent, reckless, and/or wanton violations of the rules of the road; negligent entrustment; and uninsured/underinsured motorist claims. (Doc. 1-8 at 108–114). All of the defendants except Berkeley Scrap Metal have appeared and are actively defending this action. Berkeley Scrap Metal, however, has not appeared, and on July 9, 2018, the Clerk entered default against it. (Doc. 24). Ms. Peace now moves for a default judgment against only Berkeley Scrap Metal. (Doc. 36).

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise

defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Here, Ms. Peace has obtained from the Clerk an entry of default against Berkeley Scrap Metal, so she has satisfied the first step of the procedure. But the court cannot grant Ms. Peace's motion for a default judgment at this point, for two reasons. First, the allegations in the amended complaint do not, standing alone, state a claim for relief against Berkeley Scrap Metal. Nor does Ms. Peace's motion for a default judgment set forth any argument explaining how the allegations made against Berkeley Scrap Metal would establish liability for any of the claims she asserts against it. (*See* Doc. 36). Instead, she asks for a hearing to prove damages; but the court cannot determine damages until after it determines liability.

Second, where a case involves multiple defendants, a court should not enter judgment against a defaulting party who may be jointly liable until the court adjudicates the matter with respect to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). If a plaintiff prevails against non-defaulting defendants, then she

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

is entitled to judgment against all defendants, but if the non-defaulting defendants prevail, then generally the judgment accrues to the benefit of the defaulting defendant as well. *Id.* at 554 ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The prohibition against inconsistent judgments extends to situations beyond that involving joint liability. In *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984), the Eleventh Circuit described as "sound policy" the rule that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against the default defendant if the other defendant prevails on the merits."

In this case, the other defendants have appeared and are defending the action. If the court enters a default judgment against Berkeley Scrap Metal and the other defendants later prevail, the result will be inconsistent judgments. Entry of a default judgment against Berkeley Scrap Metal is therefore not appropriate at this stage of the proceedings. Accordingly, the court **DENIES** Ms. Peace's motion for default judgment **WITHOUT PREJUDICE** to refiling at a later date.

**DONE** and **ORDERED** this April 17, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE